UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHERYL T., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:19-CV-1001-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | MEMORANDUM DECISION |
| | § | AND ORDER |
| Defendant. | § | |

## INTRODUCTION

Plaintiff Cheryl T. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") that denied her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 14).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 10, 12. Plaintiff also filed a reply. *See* ECF No. 13. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 10) is **DENIED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 12) is **GRANTED.**

## BACKGROUND

Plaintiff applied for benefits and was denied at the initial level in 2011. Transcript ("Tr.") Tr. 180-81. Plaintiff subsequently protectively filed another claim for SSI on October 6, 2015, alleging disability beginning October 6, 2014 (the disability onset date). Tr. 15, 165-70. Plaintiff alleged disability due to: (1) Depression/Anxiety-2012; (2) Type 2 diabetes-2008; (3) Severe neuropathy in bilateral feet [*sic*]; (4) Raynaud's Syndrome-2009; (5) Numbness in bilateral

hands/feet [*sic*]; (6) Herniated discs in back/neck-2015; (7) Cannot turn head at times; and (8) high

blood pressure." Tr. 193. Plaintiff's claim was denied initially on December 14, 2015, after which

she requested an administrative hearing. Tr. 72, 73-83, 86-97. On May 16, 2018, Administrative

Law Judge Roxanne Fuller (the "ALJ") conducted a video hearing from Falls Church, Virginia.

Tr. 15, 37-71. Plaintiff appeared and testified from Buffalo, New York, and was represented by

Kelly Laga, an attorney. *Id*. Donna J. Bardsley, an impartial vocational expert ("VE"), also

appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on August 16, 2018, finding that Plaintiff was not

disabled. Tr. 15-32. On May 31, 2019, the Appeals Council denied Plaintiff's request for further

review. Tr. 1-6. The ALJ's August 16, 2018 decision thus became the "final decision" of the

Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the

SSA's conclusions were supported by substantial evidence in the record and were based on a

correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C.  §

405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive"

if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations

omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."

*Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II.     The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the

Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in her August 16, 2018 decision:

1. The claimant has not engaged in substantial gainful activity since October 6, 2015, the application date (20 CFR 416.971 *et seq.*);

2. The claimant has the following severe impairments: diabetes mellitus; Raynaud syndrome; hyperparathyroidism; degenerative disc disease of the lumbar spine; bilateral shoulder rotator cuff tears, status post surgery of the right shoulder; depression; and anxiety (20 CFR 416.920(c));

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926);

4. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[1] except occasional climbing of ramps or stairs; never climb ladders, ropes or scaffolds;  occasionally balance, stoop, crouch, kneel, or crawl; can frequently handle objects, that is gross manipulation with both hands; can frequently finger, that is fine manipulation with both hands; is limited to no overhead reaching with both arms; occasional exposure to moving mechanical parts; occasional operating a motor vehicle; occasional exposure to unprotected heights; is able to perform routine and repetitive tasks; and is limited to only occasional interaction with the public;

5. The claimant is unable to perform any past relevant work (20 CFR 416.965);

6. The claimant was born on April 2, 1965 and was 50 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963);

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964);

8. Transferability of job skills is not material to the determination of disability because using the  Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a);

10.  The claimant has not been under a disability, as defined in the Social Security Act, since October 6, 2015, the date the application was filed (20 CFR 416.920(g)).

Tr. 15-32.

Accordingly, the ALJ determined that, based on the application for supplemental security benefits filed on October 6, 2015, the claimant is not disabled under section 1614(a)(3)(A) of the Act. Tr. 32.

## **ANALYSIS**

Plaintiff asserts a single point of error. Plaintiff argues that because the ALJ improperly relied on a stale opinion the RFC assessed was not supported by substantial evidence. *See* ECF No. 10-1 at 13-19.  Specifically, Plaintiff argues that the opinion of consultative internal medicine examiner Hongbiao Liu, M.D. ("Dr. Liu") was stale because it was rendered before Plaintiff underwent right shoulder rotator cuff repair and partial bursectomy on October 19, 2016, and before a rotator cuff tear in her left shoulder. *See id.*

The Commissioner responds that the ALJ discussed the medical opinion evidence and cited and discussed specific evidence in the record that supported the RFC, and the ALJ's decision was supported by substantial evidence. *See* ECF No. 12-1 at 22-31.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v.*

*Chater*, 221 F.3d 126, 131 (2d Cir.2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record in this case, the Court finds that the ALJ's analysis was thorough, and her conclusion that Plaintiff was capable of a reduced range of light work despite her impairments was supported by substantial evidence. Dr. Liu's exam findings revealed that Plaintiff retained full strength and intact dexterity, and most other findings were unremarkable, although there were some limitations, such as range of motion limitations in the shoulders and cervical and lumbar spines. Tr. 515-16. The ALJ considered Dr. Liu's opinion that Plaintiff had mild to moderate limitations in prolonged walking, bending, kneeling, and overhead reaching and found it was largely consistent with the overall record. Tr. 27, 516.

Even moderate limitations are consistent with an ability to perform light work. *April B. v. Saul*, 2019 WL 4736243, *5 (N.D.N.Y. Sept. 27, 2019) ("moderate limitations in standing and walking are consistent with light work"); *Gerry v. Berryhill*, 2019 WL 955157, *3 (E.D.N.Y. Feb. 26, 2019) ("[c]ourts within this Circuit have held that opinions of similar 'mild to moderate limitations' [for standing, walking, climbing, bending, lifting, carrying, and kneeling] support RFC findings that claimants are capable of 'light work'") (collecting cases); *Heidrich v. Berryhill*, 312 F. Supp. 3d 371, 374 n.2 (W.D.N.Y. 2018) ("postural limitations of moderate or lesser severity are generally considered consistent with the demands of light work"); *Gurney v. Colvin*, 2016 WL 805405, *3 (W.D.N.Y. March 2, 2016) (finding that moderate limitations with respect to "repetitive heavy lifting, bending, reaching, pushing, pulling or carrying . . . are frequently found to be consistent with an RFC for a full range of light work") (collecting cases).

6

In any event, the ALJ accorded Dr. Liu's opinion only partial weight, finding that the record supported greater limitations than those assessed by Dr. Liu. Tr. 27. Accordingly, the ALJ found additional limitations beyond a limitation to light work with limited overhead reaching and included them in the RFC. Tr. 20. The ALJ limited Plaintiff to occasional climbing of ramps or stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, crouch, kneel, or crawl; can frequently handle objects, that is perform gross manipulation with both hands; can frequently finger, that is perform fine manipulation with both hands; no overhead reaching; occasional exposure to moving mechanical parts; occasional operating a motor vehicle; and occasional exposure to unprotected heights. *Id*. Contrary to Plaintiff's argument, the ALJ did not err by including greater limitations in the RFC than those opined by Dr. Liu. *See, e.g., Catalfamo v. Berryhill*, No. 17-CV-0496-JWF, 2019 WL 1128838, *2 (W.D.N.Y. Mar. 12, 2019) (rejecting argument that ALJ improperly substituted his own lay opinion where the ALJ imposed more restrictions than contained in a medical opinion).

Plaintiff also argues that because the ALJ improperly relied on a stale opinion, the RFC determination is based on nothing more than the ALJ's lay judgment of the bare evidence. Tr. 15. According to Plaintiff, Dr. Liu's December 2015 opinion was rendered stale based on Plaintiff subsequent right shoulder rotator cuff repair and partial bursectomy in October 2016. *Id*. Plaintiff's argument is meritless, as the ALJ's analysis demonstrates that she properly based her analysis of Plaintiff's RFC on an evaluation of the entire record and did not rely solely on Dr. Liu's opinion to assess Plaintiff's RFC.

Contrary to Plaintiff's assertion, Dr. Liu's opinions were not stale. *See Biro v. Comm'r of Soc. Sec.*, No. 6:17CV6098(EAW), 2018 WL 4666068, at *4 (W.D.N.Y. Sept. 28, 2018) ("However, a medical opinion is not necessarily stale simply based on its age. A more dated

opinion may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age."). There is no "unqualified rule that a medical opinion is superseded by additional material in the record," especially where the additional evidence does not raise doubts as to the reliability of the opinion at issue. *See Camille v. Colvin*, 104 F. Supp.3d 329, 344 (2d Cir. 2105) (rejecting claimant's contention that state agency psychological consultant's opinion was "stale" because he did not review subsequent treatment notes and finding that the evidence submitted later did not differ materially from the evidence reviewed by the state agency psychologist).

In this case, record evidence subsequent to Dr. Liu's opinion did not reveal a significantly different picture of Plaintiff's functioning. Record evidence that post-dated Dr. Liu's opinion showed that on November 14, 2016, four weeks after her right rotator cuff repair, Dr. Bax noted that Plaintiff was healing well. Tr. 747. Although she complained of left shoulder pain that increased when she lifted, rotated, laid on it, or used it a lot, her left shoulder ROM was limited, she had full 5/5 strength throughout. *Id*. Dr. Bax recommended an MRI to rule out a left rotator cuff tear. Two days later, the MRI of the left shoulder showed a small partial near full-thickness tear involving the posterior fibers of the distal supraspinatus. Tr. 731. It does not appear that Plaintiff returned to Dr. Bax for any further treatment. At the administrative hearing, Plaintiff testified that she didn't want to go through with the surgery on her left shoulder. Tr. 52.

In December 2016, Plaintiff stated she was doing well on her current medications. Tr. 569. She reported cervical and lumbar pain that traveled to her extremities and mentioned problems with prolonged sitting, standing, or walking, but she did not report any complaints related to either shoulder. *Id*. Although Plaintiff continued to complain of intermittent cervical and lumbar pain that flared with activity and sometimes traveled to her lower extremities during routine visits in

2017 and 2018, she did not report any complaints of shoulder pain. Tr. 553, 563, 609, 848, 928, 958.

Although Plaintiff finds fault with the ALJ's rationale for the limitations set forth in the RFC, it was within the ALJ's discretion to base functional limitations in the RFC on the medical record as a whole. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (when making a finding as to disability, an ALJ properly "considers the data that physicians provide but draws [his] own conclusions"). Under the agency's regulations, an ALJ determines the RFC based on all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1545, 416.945; 404.1546, 416.946.

Furthermore, the RFC finding is not defective merely because it "does not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 78 (2d Cir. 2018); *see also Wilson v. Colvin*, No. 6:16-CV-06509-MAT, 2017 WL 2821560, at *5 (W.D.N.Y. June 30, 2017) ("Furthermore, the fact that an RFC assessment does not correspond exactly to a medical expert's opinion in the record does not mean that the RFC assessment is 'just made up'"); *Landers v. Colvin*, No. 14-CV-1090S, 2016 WL 1211283, at *4 (W.D.N.Y. Mar. 29, 2016) (rejecting argument that ALJ failed to incorporate certain moderate work-related limitations suggested by medical sources to whom the ALJ accorded "greatest weight").

Additionally, there is no opinion evidence that contradicts Dr. Liu. The Commissioner may rely not only on what the record says, but also on what the record does not say. *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983). The claimant bears both the general burden of

9

proving disability within the meaning of the Act and the burden of proof at the first four steps of the sequential analysis. *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). It is Plaintiff's burden to prove a more restricted RFC than the RFC assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). Plaintiff here failed to meet her burden.

As noted above, the ALJ accorded Dr. Liu's opinion only partial weight, finding that the record supported greater limitations than those assessed by Dr. Liu. Tr. 27. Accordingly, the ALJ found additional limitations beyond a limitation to light work which limited overhead reaching and included them in the RFC. Tr. 20. Because Plaintiff has not demonstrated additional limitations beyond those already imposed by the ALJ, any error in the ALJ's consideration of Dr. Liu's report is harmless error. "Where application of the correct legal principles to the record could lead only to the same conclusion, there is no need to require agency reconsideration." *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (alterations omitted) (quoting *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)); *see also Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (citations omitted)).

In sum, the ALJ the ALJ appropriately relied upon Dr. Liu's October 2016 consultative examination report in concluding that the overall record supported the finding that Plaintiff was capable of a reduced range of light work despite her impairments. Tr. 20-21, 275-78. While Plaintiff may disagree with the ALJ's conclusion, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, No. 16-02672, 2018 WL 459678, at *3 (2d Cir. Jan. 18, 2018) (internal citations and quotations omitted). Plaintiff here failed to meet her

burden of proving that no reasonable factfinder could have reached the ALJ's findings on this record.

For all these reasons, the Court finds that the ALJ appropriately considered the evidence of record, including the clinical findings and the medical opinions, and the ALJ's determination was supported by substantial evidence. Accordingly, the Court finds no error.

## **CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE